# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6969 | **DATE** | September 19, 2012 |
| **CASE TITLE** | Eric Derosse Walker (#10099-045) v. Metropolitan Correctional Center | | |

**DOCKET ENTRY TEXT:**

Petitioner Eric Walker is given 30 days from the date of this order to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended petition that names a proper defendant. The clerk shall send Walker an *in forma pauperis* application and an amended mandamus petition or complaint form, along with a copy of this order. Walker's failure to comply with this order within 30 days may be construed as his desire not to proceed with this case and will result in dismissal of the case without prejudice. The clerk shall forward a copy of this order to the Office of the Warden at the Metropolitan Correctional Center (71 W. Van Buren, Chicago, IL 60605), so that officials there may forward Walker's legal papers to him, if such may done under the facility's rules and regulations.

■ [**For further details see text below.**]                                                                                              Docketing to mail notices.

## STATEMENT

Petitioner, Eric Derosse Walker, currently incarcerated at the U.S. Penitentiary in Leavenworth, Kansas. has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. Walker contends that he accumulated legal papers while he was at the Metropolitan Correctional Center ("MCC") for a psychiatric evaluation, that he was returned to Leavenworth, and that his legal papers have not been forwarded. He seeks this Court to issue a writ of mandamus compelling MCC to forward his legal papers. MCC, however, is neither a suable entity nor a proper defendant for a § 1361 mandamus action, which must be brought against "an officer or employee of the United States." *See* § 1361; *Murphy v. Federal Bureau of Prisons*, No. 12 C 3135, 2012 WL 3993402 at *3 (N.D.Ill. Sept. 5, 2012) (Norgle, J.) (MCC is not a suable entity and is not a proper Defendant in a civil rights action). A writ of mandamus is used only "to compel the performance of ministerial duties." *Banks v. Secretary of Indiana Family and Social Services Admin.*, 997 F.2d 231, 244 (7th Cir. 1993); *see also Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004). Walker should name the person with the ministerial duty to forward his legal papers.

The current petition for a writ of mandamus, therefore, is dismissed without prejudice to Walker submitting an amended petition that names a suable and proper defendant for his § 1361 mandamus action. If Walker does not know the name of the individual with the duty to forward an inmate's legal papers, Walker may refer to the individual as John or Jane Doe and name a supervisory official, such as the MCC warden, as defendant to identify the individual. Although Walker's petition cannot proceed, the Court will nonetheless direct the Clerk of this Court o forward a copy of this order to MCC's warden, so that, if forwarding Walker's legal papers was simply overlooked upon his transfer, that officials at MCC may rectify such oversight and forward said papers to Walker.
**(CONTINUED)**

isk

**STATEMENT (continued)**

    Additionally, Walker filed his petition without prepaying the $350 filing fee or submitting an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his prison trust fund account. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The application must be on this Court's form. If the Court grants the application, the Court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Walker qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Walker must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Walker's failure to prepay the filing fee or submit a completed *in forma pauperis* application will result in dismissal of this case. Local Rule 3.3(e).

    Accordingly, if Walker wants to proceed with this case, he must:(1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended petition that names a proper party as defendant. Failure to comply with this order within 30 days may be construed as Walker's desire not to proceed with this case and will result in dismissal of the case without prejudice.

*[signature]*